UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN JR., | No. 2:23-cv-01217-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| G. MATTESON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), he has filed an application to proceed in forma pauperis (ECF Nos. 5 & 7).  As discussed below, the court grants the in forma pauperis application and addresses the complaint herein.

<u>Leave to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Complaint</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

1

1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint pursuant to § 1915A and concludes that it must be dismissed with leave to amend for failure to state a claim upon which relief may be granted.  Plaintiff names fifteen defendants at California State Prison-Solano, including correctional officers, wardens, lieutenants, and an individual involved in the appeals process.  ECF No. 1 at 5.  Plaintiff alleges that, on September 21, 2022, the Warden received an inmate grievance "detailing acts and decisions that constituted Staff Misconduct" and did not intervene to stop the misconduct, nor did he ensure a sufficient investigation.  *Id.* at 6.  Plaintiff alleges that multiple other defendants mishandled the grievance process, and that the Associate Warden improperly "directed subordinates to seize plaintiff's personal property." *Id*. at 5-6.  Plaintiff claims that he was subject to retaliation in violation of the First Amendment, that he was denied access to the courts, and that he was subject to cruel and unusual punishment.[1]  Plaintiff's brief and conclusory allegations do not support a federal claim for relief.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates*. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  In sum, plaintiff must identify the particular person or persons who violated his

---

[1] Plaintiff also claims in conclusory terms that he was denied equal protection and due process.

rights. He must also plead facts showing how that particular person was involved in the alleged violation.

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." *Lewis*, 518 U.S. at 349-50. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353.

"[T]he Eighth Amendment's ban of cruel and unusual punishment prohibits conditions of confinement that pose unreasonable threats to inmates' health." *McKinney v. Anderson*, 924 F.2d 1500, 1507 (9th Cir.1991). "Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement." *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985). To state an Eighth Amendment claim of cruel and unusual punishment, a prisoner must demonstrate that prison officials were deliberately indifferent to the allegedly unconstitutional prison conditions. *Wilson v. Seiter*, 111 S.Ct. 2321, 2326 (1991).

As to the alleged seizure of plaintiff's property, a negligent or intentional deprivation of property by a state employee does not constitute a violation of federal due process if the state provides a meaningful post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001). The

3

1  California Legislature has provided a remedy for tort claims against public officials in the
2  California Government Code, §§ 900, et seq.  Insofar as plaintiff has an adequate state law
3  remedy for being deprived of his property, he fails to state a §1983 claim on this basis.[2]
4     Plaintiff fails to state a cognizable claim under these standards.  Accordingly, plaintiff's
5  complaint is dismissed with leave to amend in accordance with the requirements set forth in this
6  order.

Leave to Amend

8     Plaintiff is cautioned that any amended complaint must identify as a defendant only
9  persons who personally participated in a substantial way in depriving him of his constitutional
10 rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the
11 deprivation of a constitutional right if he does an act, participates in another's act or omits to
12 perform an act he is legally required to do that causes the alleged deprivation).
13    The amended complaint must also contain a caption including the names of all defendants.
14 Fed. R. Civ. P. 10(a).
15    Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*
16 *George,* 507 F.3d at 607.  Nor may he bring multiple, unrelated claims against more than one
17 defendant.  *Id.*
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////

---

[2] Courts have distinguished those cases in which "the property deprivation is effected pursuant to an established state procedure." *Zimmerman*, 255 F.3d at 738, citing *Hudson*, 468 U.S. at 534.  In such circumstances, a plaintiff may allege a constitutional due process challenge "even though some post deprivation remedies [are] available under state law." *Id.*  Given the brief and conclusory allegations in the complaint, it is not clear whether this exception applies in the instant case.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 5) is granted;
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and
3. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 20, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE