UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBUS ALLEN JR., | No. 2:23-cv-01217-DJC-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G. MATTESON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in forma pauperis and without counsel in an action brought under 42 U.S.C. § 1983. On September 20, 2023, the court dismissed plaintiff's complaint with leave to amend. ECF No. 8. Plaintiff has filed an amended complaint which is before the court for screening. ECF No. 11.

**I.    The Amended Complaint**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

1

The court has reviewed plaintiff's amended complaint pursuant to § 1915A and concludes that it must be dismissed with leave to amend for failure to state a claim upon which relief may be granted. Plaintiff names twenty defendants at California State Prison-Solano along with CDCR, the current and former Secretaries of CDCR, and the Chief of Inmate Appeals. ECF No. 11 at 1-3. The amended complaint's lack of organization and sheer volume of alleged wrongs makes it difficult to parse plaintiff's claims. They appear to concern at least seven broad categories: (1) involving defendant Brooks and a work pass; (2) involving defendant Rashid and an inmate movement pass; (3) involving several defendants blaming plaintiff for fellow inmates' loss of yard time, a related Rules Violation Report, and the administrative process concerning that report; (4) involving defendant Brooks failing to open plaintiff's cell door for dinner on two occasions; (5) concerning classification committee proceedings; (6) concerning threats by defendant G. Williams in retaliation for plaintiff's grievances; and (7) concerning a decision to house plaintiff with an inmate of a different race.

The amended complaint must be dismissed because it impermissibly joins claims that may not be pursued in a single action. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id*.

The amended complaint presents the morass that the improper joinder rule is designed to prevent. The court will dismiss it but will provide plaintiff one last opportunity to amend the complaint.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor may he bring multiple, unrelated claims against more than one defendant. *Id.* The second amended complaint should include only claims that are related because they concern the same event (or series of related events) or the same defendant.

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 11) is dismissed with leave to amend within 30 days from the date of service of this order; and
2. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: March 25, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3